KAMALA D. HARRIS
Attorney General of California
FIEL D. TIGNO
Supervising Deputy Attorney General
MICHAEL D. GOWE
Deputy Attorney General
State Bar No. 226989
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 622-2201
 Fax:  (510) 622-2121
 E-mail:  Michael.Gowe@doj.ca.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTINA P. VALERO,** | Case No.  C-12-4744 EDL |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES** |
| **v.** | |
| **SAN FRANCISCO STATE UNIVERSITY et al.,** | |
| Defendants. | |

Defendant Board of Trustees of California State University (erroneously sued as "San Francisco State University"), in response to the Complaint for Equitable Relief and Damages by Plaintiff Christina P. Valero on file herein, admits, denies, and alleges as follows:

Pursuant to the provisions of Federal Rule of Civil Procedure 8(b), Defendant now files a general denial to Plaintiff's complaint.  Defendant denies each and every allegation contained in the complaint except those expressly admitted.  Defendant further denies generally and specifically that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by its agents, representatives, and employees.

**CHARGING ALLEGATIONS**

1. Answering Paragraph 1 of the complaint, Defendant responds that the averments therein are legal assertions describing potential "doe" defendants and that the averments do not require affirmative admissions or denials. Defendant denies any suggestion that Defendant, or any of its agents, representatives, and employees, "is negligently or otherwise responsible in some manner for the events and happenings" alleged by Plaintiff in the complaint or that Plaintiff was injured and suffered damages as the result of Defendant's conduct or the conduct of its agents, representatives, and employees.

2. Answering Paragraph 2 of the complaint, Defendant denies the allegations.  There is only one defendant identified in the complaint; given the lack of particularity associated with alleged "doe" defendants, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the allegations contained therein.

3. Answering Paragraph 3 of the complaint, Defendant admits that Plaintiff is Asian and is a woman.  Although Defendant has received information purporting that Plaintiff has claustrophobia, Defendant is without sufficient knowledge or information to form a belief as to the truth of that allegation, and on that basis denies it.  Likewise, Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's assertion that she "suffers from spinal disability" or that she was born in 1954 and on that basis denies those allegations.

4. Answering Paragraph 4 of the complaint, Defendant admits that it hired Plaintiff in 1995. Defendant denies the year in question as to the position listed, as Plaintiff did not hold the position of an Administrative Analyst/Specialist I until 1998.  Defendant denies that a "doe" defendant hired her for that same position at the university.

5. Answering Paragraph 5 of the complaint, Defendant admits that Plaintiff's duties were, and are, to provide administrative support in Defendant's Disability Programs and Resource Center. Defendant denies all other allegations in this paragraph.

6. Answering Paragraph 6 of the complaint, Defendant denies the allegations.

Defendant's Answer (Case No. C-12-4744 EDL)

7.  Answering Paragraph 7 of the complaint, Defendant admits that Plaintiff was given a six percent salary increase.  As for whether Caucasian men younger than Plaintiff somewhere at some time received "promotions and salary increases," the allegation lacks sufficient particularity to be intelligible—Defendant therefore is without sufficient knowledge or information to form a belief as to the truth of that allegation, and on that basis denies it.  Defendant denies all other allegations.

8.  Answering Paragraph 8 of the complaint, Defendant denies the allegations.

9.  Answering Paragraph 9 of the complaint, Defendant denies the allegations.

10.  Answering Paragraph 10 of the complaint, Defendant denies the allegations.

11.  Answering Paragraph 11 of the complaint, Defendant denies the allegations.

12.  Answering Paragraph 12 of the complaint, Defendant denies the allegations.

13.  Answering Paragraph 13 of the complaint, Defendant denies the allegations.

14.  Answering Paragraph 14 of the complaint, Defendant denies the allegations.

**FIRST CAUSE OF ACTION**

15.  Answering Paragraph 15 of the complaint, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**

16.  Answering Paragraph 16 of the complaint, Defendant denies the allegations.

**THIRD CAUSE OF ACTION**

17.  Answering Paragraph 17 of the complaint, Defendant denies the allegations.

**FOURTH CAUSE OF ACTION**

18.  Answering Paragraph 18 of the complaint, Defendant denies the allegations.

**FIFTH CAUSE OF ACTION**

19.  Answering Paragraph 19 of the complaint, Defendant denies the allegations.

**SIXTH CAUSE OF ACTION**

20.  Answering Paragraph 20 of the complaint, Defendant denies the allegations.

**SEVENTH CAUSE OF ACTION**

21.  Answering Paragraph 21 of the complaint, Defendant denies the allegations.

**EIGHTH CAUSE OF ACTION**

22. Answering Paragraph 22 of the complaint, Defendant denies the allegations.

**NINTH CAUSE OF ACTION**

23. Answering Paragraph 23 of the complaint, Defendant denies the allegations.

**TENTH CAUSE OF ACTION**

24. Answering Paragraph 24 of the complaint, Defendant denies the allegations.

**ELEVENTH CAUSE OF ACTION**

25. Answering Paragraph 25 of the complaint, Defendant denies the allegations.

**TWELFTH CAUSE OF ACTION**

26. Answering Paragraph 26 of the complaint, Defendant denies the allegations.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

27. Answering Paragraph 27 of the complaint, Defendant denies the allegations.

**PRAYER FOR RELIEF**

Answering Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

**AFFIRMATIVE DEFENSE NO. 1**

The COMPLAINT, and each and every cause of action stated therein, fails to allege facts sufficient to constitute a cause of action against Defendant.

**AFFIRMATIVE DEFENSE NO. 2**

The COMPLAINT, and each and every cause of action stated therein, is uncertain, vague and ambiguous.

**AFFIRMATIVE DEFENSE NO. 3**

The COMPLAINT, and each and every cause of action stated therein, fails to allege facts sufficient to entitle Plaintiff to the relief requested therein.

4

**AFFIRMATIVE DEFENSE NO. 4**

The COMPLAINT, and each and every cause of action stated therein are barred, in whole or in part, and the Court lacks jurisdiction over this matter, in whole or in part, because Plaintiff failed to exhaust her applicable administrative remedies.

**AFFIRMATIVE DEFENSE NO. 5**

The COMPLAINT and each and every cause of action stated therein are barred by the applicable statute of limitations.

**AFFIRMATIVE DEFENSE NO. 6**

The COMPLAINT, and each and every cause of action stated therein, is barred because at all relevant times, Defendant's actions were taken in the legitimate exercise of its official and managerial discretion based on nondiscriminatory reasons.  Any and all conduct by Defendant about which Plaintiff complains was justified under the circumstances as having been a function of reasonable business decisions and judgment.  Defendant is therefore not liable for any injury or damages.

**AFFIRMATIVE DEFENSE NO. 7**

Plaintiff consented to all the alleged acts and omissions about which she now complains.

**AFFIRMATIVE DEFENSE NO. 8**

The COMPLAINT and each cause of action therein, is barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

**AFFIRMATIVE DEFENSE NO. 9**

The COMPLAINT, and each cause of action therein, is barred, in whole or in part, by the doctrine of sovereign immunity.

**AFFIRMATIVE DEFENSE NO. 10**

The COMPLAINT, and each cause of action therein, is barred, in whole or in part, because Plaintiff lacks standing to assert the claims alleged.

**AFFIRMATIVE DEFENSE NO. 11**

Defendant at all times relevant was shielded from liability for any injury or damages, if any there were, by absolute immunity.

### AFFIRMATIVE DEFENSE NO. 12

Defendant at all times relevant was shielded from liability for any injury or damages, if any there were, by qualified immunity.

### AFFIRMATIVE DEFENSE NO. 13

To the extent applicable, Defendant enjoys immunity from suit, either directly or indirectly, including but not limited to, discretionary immunity pursuant to Government Code § 820.2, prosecutorial immunity pursuant to Government Code section 821.6, and agency immunity pursuant to Government Code §§ 815, 815.2, 818, 818.2, 818.8, 820.4, 820.8, 821.

### AFFIRMATIVE DEFENSE NO. 14

If any wrongful activity occurred, or if Plaintiff suffered any injury or damages, it was caused by other parties or persons over whom Defendant had no control.

### AFFIRMATIVE DEFENSE NO. 15

Plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative causal link between Defendant's actions and/or omissions and the alleged violation of Plaintiff's rights.

### AFFIRMATIVE DEFENSE NO. 16

To the extent that the COMPLAINT herein attempts to predicate liability upon any public entity defendant or any agent or employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal.App.3d 933, 935-36, reversed on other grounds by *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; by the lack of any duty running to plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the complaint.

Defendant's Answer (Case No. C-12-4744 EDL)

**AFFIRMATIVE DEFENSE NO. 17**

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of Plaintiff and others, each of whom failed to exercise ordinary care at the times and places alleged in the COMPLAINT.

**AFFIRMATIVE DEFENSE NO. 18**

At all relevant times, Plaintiff had a duty to mitigate damages by promptly and diligently seeking employment elsewhere, but failed to mitigate the injury and damages.

**AFFIRMATIVE DEFENSE NO. 19**

Defendant is not vicariously liable for any act or omission of any other person, by way of respondeat superior, agency or otherwise.

**AFFIRMATIVE DEFENSE NO. 20**

Plaintiff's claim for damages is barred to the extent that Plaintiff has failed to mitigate his damages, if any there were.

**AFFIRMATIVE DEFENSE NO. 21**

The COMPLAINT, and each and every cause of action stated therein, is barred, in whole or in part, by the after-acquired evidence doctrine.

**AFFIRMATIVE DEFENSE NO. 22**

The COMPLAINT and each cause of action alleged therein are barred in that the Plaintiff was not subjected to alleged conduct of the Defendant because of her affiliation to a protected class.

**AFFIRMATIVE DEFENSE NO. 23**

The COMPLAINT is barred because Defendant would have taken the same action even in the absence of Plaintiff's affiliation to a protected class or engagement in protected activity.

**AFFIRMATIVE DEFENSE NO. 24**

The COMPLAINT, and each and every cause of action stated therein, fails to state facts upon which an order of attorneys' fees can be granted, and any attorneys' fees are limited by law.

**AFFIRMATIVE DEFENSE NO. 25**

If Plaintiff is entitled to any recovery, such recovery must be reduced pursuant to the doctrine of comparative fault.

**AFFIRMATIVE DEFENSE NO. 26**

If Plaintiff is entitled to any recovery, Defendant is entitled to set off any prior recoveries, compensation, or benefits Plaintiff has received in connection with the injuries or claims identified in this case and/or any collateral sources.

**AFFIRMATIVE DEFENSE NO. 27**

The COMPLAINT, and each and every cause of action stated therein, are barred by the doctrines of estoppel, laches, unclean hands, and/or waiver.

**AFFIRMATIVE DEFENSE NO. 28**

To the extent Plaintiff has previously raised any of the claims contained in the COMPLAINT in a judicial or quasi-judicial forum and such issues were adjudicated, these claims are now res judicata and/or collateral estoppel.

**AFFIRMATIVE DEFENSE NO. 29**

Defendant has not deprived Plaintiff of any right guaranteed by law.

**AFFIRMATIVE DEFENSE NO. 30**

No affirmative relief is warranted because any and all occurrences of which Plaintiff complain, if any there were, were due to reasons other than discrimination, harassment or any other impermissible basis.

**AFFIRMATIVE DEFENSE NO. 31**

The COMPLAINT and each cause of action alleged therein are barred to the extent that they exceed the scope of the applicable administrative complaint, if any, that Plaintiff filed with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, and/or any other government agency, on which the COMPLAINT appears to be based.

**AFFIRMATIVE DEFENSE NO. 32**

The COMPLAINT and each cause of action alleged therein for equitable relief are barred because she has an adequate remedy at law and there is no danger of irreparable harm.

**AFFIRMATIVE DEFENSE NO. 33**

Plaintiff's COMPLAINT, in whole, or in part, is barred as unconstitutional.

**AFFIRMATIVE DEFENSE NO. 34**

Plaintiff's claims for punitive damages are barred.

**AFFIRMATIVE DEFENSE NO. 35**

At all times relevant, the Defendant was responsible for and did maintain training, policies, and procedures prohibiting discrimination and harassment in the workplace in conformance with applicable law, and Plaintiff failed to make adequate use of those policies and procedures. Plaintiff's failure to utilize these policies and procedures acts as an implicit and/or explicit waiver, estoppel, and bar to this action.

**AFFIRMATIVE DEFENSE NO. 36**

To the extent applicable, the COMPLAINT and each cause of action alleged therein are barred because the actions complained of were privileged, including, but not limited to, the litigation privilege and that described in California Civil Code section 47.

**AFFIRMATIVE DEFENSE NO. 37**

Defendant took reasonable and required action by promptly investigating any and all complaints by this Plaintiff or others of harassment, discrimination, retaliation, or hostile work environment, and promptly took effective and immediate corrective and remedial action, when appropriate.

**AFFIRMATIVE DEFENSE NO. 38**

Because Plaintiff's COMPLAINT is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may apply in this case. Accordingly, Defendant reserves the right to answer additional defenses in this litigation as warranted.

9

**AFFIRMATIVE DEFENSE NO. 39**

The COMPLAINT and each cause of action alleged therein are barred in that the Plaintiff was not subjected to an adverse employment action.

**AFFIRMATIVE DEFENSE NO. 40**

The COMPLAINT is barred, in whole or in part, because existing state procedures are sufficient to comply with due process concerns, if any there are.

**AFFIRMATIVE DEFENSE NO. 41**

The COMPLAINT is barred, in whole or in part, by the litigation privilege, including, but not limited to, California Civil Code section 47 and the federal *Noerr-Pennington* doctrine.

**AFFIRMATIVE DEFENSE NO. 42**

Plaintiff's COMPLAINT, and the claims for relief alleged therein, is barred by Worker's Compensation Exclusivity.

**AFFIRMATIVE DEFENSE NO. 43**

To the extent that Plaintiff may be guilty of wrongdoing that is discovered subsequent to the filing of this action, her recovery is either barred or reduced thereby.

**AFFIRMATIVE DEFENSE NO. 44**

Plaintiff's COMPLAINT, and each claim for relief, is barred because Defendant could not possibly accommodate Plaintiff's disabilities, if any there were, as demanded without suffering undue hardship; any decisions Defendant made were job-related and consistent with business necessity; any accommodations demanded were not reasonable; Plaintiff's disabilities, if any there were, posed a direct threat to the health and safety of others in the workplace and no reasonable accommodation could eliminate or reduce the threat; and Defendant's conduct was authorized by law.

**AFFIRMATIVE DEFENSE NO. 45**

Plaintiff's COMPLAINT and, each claim for relief, are barred because Plaintiff failed to engage in the interactive process in good faith.

///

///

10

**AFFIRMATIVE DEFENSE NO. 46**

Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the complaint to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

ACCORDINGLY Defendant prays that:

A.     Judgment be entered in favor of Defendant and against Plaintiff;

B.     Plaintiff takes nothing by her complaint;

C.     Defendant be awarded costs of suit incurred herein;

D.     Defendant be awarded its attorneys' fees incurred herein;

E.     Defendant be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  September 18, 2012                              Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
FIEL D. TIGNO
Supervising Deputy Attorney General


                                                               /s/ Michael D. Gowe
MICHAEL D. GOWE
Deputy Attorney General
*Attorneys for Defendants*

OK2012901006
90264352.doc

11

Defendant's Answer (Case No. C-12-4744 EDL)